Thomas Buchele, CA Bar No. 129657
Earthrise Law Center
Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland OR  97219-7799
Tel:  503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Bridgett Buss, *Pro Hac Vice application to be filed*
Willamette Law Group
411 Fifth Street
Oregon City, OR 97045
Tel:  971-217-9361
Fax: 502-608-4100
Email: bridgett@WLGpnw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EARTH ISLAND INSTITUTE**, a non-profit corporation, | No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| **UNITED STATES NATIONAL PARK SERVICE,** an agency of the United States Department of the Interior; **UNITED STATES DEPARTMENT OF THE INTERIOR**, | Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.* |
| Defendants. | |

Plaintiff Earth Island Institute alleges as follows:

**INTRODUCTION**

1. This action is based on violations of the Freedom of Information Act ("FOIA" or "the Act"). 5 U.S.C. § 552 (2016). It challenges the unlawful failure of the Defendants, the United States National Park Service and the United States Department of the Interior (collectively "NPS"), to respond to the John Muir Project's (a project of Earth Island Institute ("EII")) FOIA requests within the time and in the manner required by FOIA. NPS has failed to provide determinations regarding records responsive to EII's FOIA requests and is unlawfully withholding records responsive to EII's FOIA requests.

2. The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language[.]" S. Rep. No. 89-813, at 3 (1965). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of the narrow exemptions listed in the Act. *See* 5 U.S.C. §§ 552(a)(3)(A), (b); *see also Rose*, 425 U.S. at 361 ("These exemptions are explicitly made exclusive…and must be narrowly construed.") (internal citation and quotation marks excluded). Except in unusual circumstances, federal agencies must determine within 20 business days whether requested records are exempt from disclosure and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A), (a)(6)(C)(i).

3. On May 12, 2022, EII, through its counsel, submitted a FOIA request (the "May 2022 Request") to NPS via NPS's electronic FOIA request portal and via U.S. certified mail, for which it requested expedited processing. EII's counsel received a confirmation email that same day, confirming receipt of the request. The May 2022 Request sought any and all records related to the decision-making process for a biomass removal project occurring in Yosemite National Park (the "Wawona Road Project"), including, but not limited to: "(1) Decision and environmental analysis records for the PEPC 41967 Merced Grove Special Management Area Burn Preparation and Fire Fuels Thinning Project-Phase 1; (2) The 2004 Fire Management Plan

1    COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Record of Decisions ("ROD") and Environmental Impact Statement ("EIS");  (3) PEPC 79616 Forestry Programmatic Categorical Exclusion; (4) Any and all records related to consultation regarding the Project under the Endangered Species Act ("ESA"), including records discussing the species specifically mentioned in the Biomass Removal Project; (5) Any and all records regarding the implementation of and/or current status of the Project, including but not limited to, records showing the number and size of trees that have already been removed and how those trees were disposed of; (6) Any and all records containing analysis of the environmental impact of the Project as required by the National Environmental Policy Act ("NEPA") or that otherwise indicate how the NPS complied with NEPA when approving the Project; and (7) Any and all records containing communications with individuals or groups outside of the NPS regarding the Project, including any notices seeking public comment, any public comments received, and any communications regarding the Project with other federal agencies, state and local governmental entities, or Tribes."

4.      On May 20, 2022, EII received a letter acknowledging NPS's receipt of the May 2022 Request. This letter denied EII's request for expedited processing, indicated that the NPS invoked a 10-day extension under the authority of 43 C.F.R. § 2.19 (2019), and subsequently instructed that NPS would provide EII with a determination regarding the May 2022 Request by June 24, 2022.

5.      On that same day, counsel for EII spoke via telephone with the Yosemite National Park FOIA Coordinator to discuss the documents that had been requested. At the conclusion of that call, the FOIA Coordinator emailed to EII's counsel one responsive document, an 11-page document alleged to be the CE Package for the Wawona Road Project, and a link to publicly available documents that the FOIA Coordinator believed were responsive to the Request.

6.      On May 23, 2022, EII appealed the NPS's denial of expedited processing by submitting an appeal letter both via the designated FOIA.APPEALS@sol.doi.gov email address, as well as via certified mail. On June 10, 2022, NPS denied this appeal.

7.    With the exception of the 11-page document received on May 20, 2022, and a handful of responsive documents that EII located on the NPS website, as of the date of this filing, NPS has not produced via FOIA any other records responsive to the May 2022 Request.

8.    As of the date of this filing, NPS has not provided EII with a determination regarding the May 2022 Request.

9.    On July 20, 2022, EII, through its counsel, submitted another FOIA request (the "July 2022 Request") to NPS via NPS's electronic FOIA request portal and via U.S. certified mail. EII's counsel received a confirmation email that same day, confirming receipt of the request. The July 2022 Request sought copies of any and all records relating to the NPS's decision-making process for a second biomass removal project occurring in Yosemite National Park (the "Yosemite Valley Project"), including, but not limited to: "(1) All underlying records, emails, meeting notes, and drafts associated with any of the Project documents already disclosed; (2) Any and all records related to consultation regarding the Project under the Endangered Species Act ("ESA"), including records discussing the species specifically mentioned in the Yosemite Valley Project Categorical Exclusion Package; (3) Any and all records regarding the implementation of and/or current status of the Project, including, but not limited to, records showing the number and size of trees that have already been removed and how those trees were disposed of; (4) Any and all records containing analysis of the environmental impact of the Project as required by the National Environmental Policy Act or that otherwise indicate how the NPS complied with NEPA when approving the Project; and (5) Any and all records containing communications with individuals or groups outside of the NPS regarding the Project, including any notices seeking public comment, any public comments received, and any communications regarding the Project with other federal agencies, state and local governmental agencies, or Tribes."

10.    On August 12, 2022, EII received a letter acknowledging NPS's receipt of the July 2022 Request. This letter indicated that the NPS invoked a 10-day extension under the authority of 43 C.F.R. § 2.19, and subsequently instructed that NPS would provide EII with a determination regarding the July 2022 Request by August 31, 2022.

11.    As of the date of this filing, NPS has not provided EII with any documents responsive to the July 2022 Request, nor has NPS provided EII with a determination regarding the July 2022 Request.

12.    EII submitted these FOIA requests so that it could review and disseminate the NPS's relevant National Environmental Policy Act ("NEPA") compliance documentation, with supporting documents, that were used to authorize the Wawona Road Project and Yosemite Valley Project. Consistent with the mission of EII's John Muir Project, EII reviews such documents in order to ascertain whether agencies properly adhered to the requirements set forth by relevant environmental statutes and other authorities, and so that it may effectively and fully participate in ongoing public processes, including public comments, related to such environmental analyses. EII became aware of the Wawona Road and Yosemite Valley Projects after implementation had already begun, but most relevant NEPA documentation was not, and is not, publicly available. It therefore was, and is, a matter of urgency to obtain the relevant documents in order to discover the full extent and analysis of the Projects.

13.    NPS violated FOIA in two ways. First, NPS has failed to make determinations regarding EII's FOIA requests within the deadline period required by FOIA. Second, NPS has improperly withheld, and is continuing to improperly withhold, records responsive to EII's FOIA requests. Each of these failures on the part of NPS violates FOIA.

14.    In this case, NPS has missed nearly all applicable FOIA deadlines. The records are critically important for EII to engage the public on government logging activities that may harm the surrounding park ecosystem and endangered species. Moreover, the requested records are highly relevant to EII's ongoing public education and outreach efforts regarding impacts to forests on public lands.

15.    NPS is improperly withholding from disclosure responsive records sought by EII, records to which EII is legally entitled. NPS has violated numerous FOIA mandates by failing to provide determinations on EII's FOIA requests within the time and manner required by law. Accordingly, EII seeks a declaration from this Court that NPS has violated FOIA. EII also seeks

1  an injunction from this Court that directs NPS to promptly provide EII with the requested

2  responsive records.

3                    **JURISDICTION, VENUE, AND THE BASIS FOR RELIEF**

4         16.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

5  and 28 U.S.C. § 1331 (federal question) because this action arises under FOIA.

6         17.    Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because the

7  events or omissions giving rise to this claim occurred in this district, primarily in Mariposa

8  County.

9         18.    Declaratory and injunctive relief are appropriate under 28 U.S.C. § 2201, 2202,

10  and 5 U.S.C. § 552(a)(4)(B).

11                                   **PARTIES**

12        19.    Plaintiff **EARTH ISLAND INSTITUTE** ("EII") is a nonprofit corporation

13  organized under the laws of the State of California. EII is headquartered in Berkeley, California.

14  EII's mission is to develop and support projects that counteract threats to the biological and

15  cultural diversity that sustain the environment. Through education and activism, these projects

16  promote the conservation, preservation, and restoration of the earth. One of these projects is the

17  John Muir Project—whose mission is to protect all federal public forest and parklands from

18  commercial exploitation that undermines and compromises science-based ecological

19  management. The John Muir Project offices are located in San Bernardino County, California. EII

20  is a membership organization with over 15,000 members in the United States, many of whom use

21  and enjoy the National Parks of California for recreational, educational, aesthetic, spiritual, and

22  other purposes. EII, through its John Muir Project, has a longstanding interest in protection of

23  federal public lands. EII requested the records that the Defendants have failed to disclose in

24  furtherance of EII's organizational mission and its work to protect the National Parks of

25  California.

26        20.    Defendant **NATIONAL PARK SERVICE** is an agency of the United States and

27  is a division of the defendant **DEPARTMENT OF THE INTERIOR** (collectively "NPS"). The

28

NPS is in possession and control of the records sought by EII, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## LEGAL BACKGROUND

21.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). An agency, pursuant to that determination, must gather and review documents that are responsive to the requester's FOIA request. A search for documents pursuant to a FOIA request must be "reasonably calculated to uncover all relevant documents." *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).

22.     If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i).

23.     If the agency makes any adverse determination regarding a request, the agency must communicate to the requester that it has a right to appeal that determination. 5 U.S.C. § 552(a)(6)(A)(i).

24.     FOIA also mandates that a federal agency that has received a request for records must inform the requester of "the date on which the agency originally received the request[,]" and "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

25.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

26.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records" 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

## FACTUAL BACKGROUND

### May 12, 2022 FOIA Request

27.     On May 12, 2022, EII requested from the NPS the following records:

Any and all records related to the decision-making process for the Biomass Removal Project, including, but not limited to:

1. Decision and environmental analysis records for the PEPC 41967 Merced Grove Special Management Area Burn Preparation and Fire Fuels Thinning Project-Phase 1;

2. The 2004 Fire Management Plan Record of Decisions ("ROD") and Environmental Impact Statement ("EIS");

3. PEPC 79616 Forestry Programmatic Categorical Exclusion;

4. Any and all records related to consultation regarding the Project under the Endangered Species Act ("ESA"), including records discussing the species specifically mentioned in the Biomass Removal Project;

5. Any and all records regarding the implementation of and/or current status of the Project, including but not limited to, records showing the number and size of trees that have already been removed and how those trees were disposed of;

6. Any and all records containing analysis of the environmental impact of the Project as required by the National Environmental Policy Act ("NEPA") or that otherwise indicate how the NPS complied with NEPA when approving the Project; and

7.  Any and all records containing communications with individuals or groups outside of the NPS regarding the Project, including any notices seeking public comment, any public comments received, and any communications regarding the Project with other federal agencies, state and local governmental entities, or Tribes.

28.     Due to its concern regarding timing and belief that logging activities were imminent, EII requested an expedited response to its May 2022 Request. The Department of the Interior FOIA regulations state that a FOIA request will be expedited if the requesters provide a justification for the expedition that demonstrates a "compelling need for the records," either through an "imminent threat to the life or physical safety of an individual" or an "urgency to inform the public" and "the request is made by a person primarily engaged in disseminating information." 42 C.F.R. §§ 2.20(a)(1), (2) (2017).

29.     The NPS received EII's FOIA request on May 12, 2022, through its electronic FOIA request system and assigned it the tracking number DOI-NPS-2022-003685. The NPS received EII's FOIA request via certified mail on May 16, 2022.

30.     On May 20, 2022, the NPS acknowledged receipt of EII's FOIA request via email. The NPS produced one of the requested records, denied the request for expedited processing, and granted EII's fee waiver request. The NPS claimed a 10-workday extension under 43 C.F.R. § 2.19 to "search for, collect, and examine a large amount of separate and distinct records" and indicated that it expected to dispatch a determination of the remaining documents by June 24, 2022.

31.     On May 23, 2022, EII appealed the denial of the request for Expedited Processing.

32.     On June 10, 2022, the Department of the Interior denied the appeal to challenge the NPS's decision to deny Expedited Processing.

33.     The FOIA-mandated deadline for responding to the May 2022 Request was June 10, 2022. With the claimed extension, the FOIA-mandated deadline for providing EII with a determination regarding the request was June 27, 2022. NPS has not requested and EII has not agreed to any further extensions of time for NPS to respond to the May 2022 Request. EII has not received any records or further communication from the NPS regarding its May 2022 FOIA request.

8    COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**July 20, 2022 FOIA Request**

34.    On July 20, 2022, EII requested from the NPS the following records:

Any and all records relating to the NPS's Yosemite Valley Project, including, but not limited to:

1. All underlying records, emails, meeting notes, and drafts associated with any of the Project documents already disclosed;

2. Any and all records related to consultation regarding the Project under the Endangered Species Act ("ESA"), including records discussing the species specifically mentioned in the Yosemite Valley Project Categorical Exclusion Package;

3. Any and all records regarding the implementation of and/or current status of the Project, including, but not limited to, records showing the number and size of trees that have already been removed and how those trees were disposed of;

4. Any and all records containing analysis of the environmental impact of the Project as required by the National Environmental Policy Act or that otherwise indicate how the NPS complied with NEPA when approving the Project; and

5. Any and all records containing communications with individuals or groups outside of the NPS regarding the Project, including any notices seeking public comment, any public comments received, and any communications regarding the Project with other federal agencies, state and local governmental agencies, or Tribes.

35.    The NPS received EII's FOIA request on July 20, 2022, through its electronic FOIA request system and assigned it the tracking number DOI-NPS-2022-003685. The NPS received EII's FOIA request via certified mail on July 26, 2022.

36.    On August 12, 2022, the NPS acknowledged receipt of EII's FOIA request via email and granted EII's fee waiver request. The NPS claimed a 10-workday extension under 43 C.F.R. § 2.19 to "search for, collect, and examine a large amount of separate and distinct records" and indicated that it expected to dispatch a determination to EII by August 31, 2022.

37.    The FOIA-mandated deadline for responding to the July 2022 request was August 17, 2022. With the extension, the FOIA-mandated deadline for responding to the July 2022 request was August 31, 2022. NPS has not requested and EII did not agree to any further

extensions of time for NPS to respond to the request. EII has not received any records or further communication from the NPS regarding its July 2022 Request.

38.     As of the date this action was filed, NPS has not provided final determinations for either of EII's FOIA requests.

39.     As of the date this action was filed, to the best of the EII's knowledge, NPS has failed to gather and review all of the documents responsive to EII's FOIA requests.

40.     As of the date this action was filed, NPS has failed to communicate the scope of the documents it intends to produce and withhold for EII's FOIA requests, and the reasons for withholding any documents.

41.     As of the date this action was filed, NPS has failed to inform EII of which responsive records, if any, it believes are exempt under FOIA's narrow exemptions.

42.     Because NPS has not issued final determinations on EII's requests, EII could not file an administrative appeal of any determination, and therefore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

43.     Based on the nature of EII's organizational activities, it will continue to employ FOIA's provisions in record requests to NPS in the foreseeable future.

44.     Unless enjoined and made subject to a declaration of EII's rights by this Court, NPS will continue to violate FOIA and EII's rights to receive public records under FOIA.

**CAUSES OF ACTION**

**<u>CLAIM I</u>**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
DETERMINATION DEADLINE VIOLATIONS**

45.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

46.     EII has a right to NPS's processing of its FOIA requests in a manner that complies with FOIA. FOIA requires NPS to determine within 20 business days after the receipt of EII's FOIA requests whether to comply with the request and to immediately notify EII of NPS's

10  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

determination and the reasons therefore and the right of EII to appeal to the head of the NPS any

adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

47.    NPS received EII's first FOIA request on May 12, 2022. The twentieth business

day following May 12–excepting Saturdays, Sundays, and legal public holidays–was June 10,

2022. With the extension, the FOIA-mandated deadline for responding to the request was June

27, 2022. NPS failed to provide EII with a determination by June 27, 2022, and therefore also

failed to provide EII with the reasons for a determination and the information to appeal such a

determination, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i). As of the date on which EII has

filed this action, over two months past the statutory deadline, NPS has still failed to provide such

a determination and has provided only one 11-page document in response to the May 2022

Request.

48.    NPS received EII's second request on July 20, 2022. The twentieth business

day following July 20–excepting Saturdays, Sundays, and legal public holidays–was August 17, 2022.

With the extension, the FOIA-mandated deadline for responding to the request was August 31,

2022. NPS failed to provide EII with a determination by August 31, 2022, and therefore also

failed to provide EII with the reasons for a determination and the information to appeal such a

determination, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i). As of the date on which EII has

filed this action, NPS has produced no documents in response to its July 2022 FOIA Request.

49.    As of the date on which EII filed this action, NPS has not claimed any FOIA

exemptions for the records responsive to either of EII's FOIA requests.

50.    As of the date on which EII filed this action, NPS had violated EII's rights by

unlawfully delaying its response to EII's May 12, 2022, and July 20, 2022 FOIA requests beyond

the determination deadlines imposed by FOIA.

51.    EII is entitled to reasonable costs of litigation and attorney's fees pursuant to

FOIA. 5 U.S.C. § 552(a)(4)(E).

1

## CLAIM II

2

3

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS**

4

5

52.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

6

7

53.    NPS is required, upon receipt of a request for records from EII, to make those records promptly available to EII, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. §§ 552(a)(3)(A), (b).

8

9

54.    NPS received EII's first request on May 12, 2022, as it was submitted through NPS's online FOIA request service. NPS received EII's second request on July 20, 2022, as it was submitted through NPS's online FOIA request service.

10

11

12

55.    NPS has only produced one document in response to EII's May 2022 Request. NPS has not produced any records to EII in response to its July 2022 Request.

13

14

56.    As of the date on which EII has filed this action, NPS has never claimed any exemption in response to EII's FOIA requests.

15

16

57.     EII's rights in this regard were violated when NPS failed to produce records responsive to EII's request promptly after receiving EII's FOIA requests on May 12, 2022, and July 20, 2022. 5 U.S.C. § 552(a)(3)(A).

17

18

19

58.    NPS is improperly and unlawfully withholding from public disclosure information sought by EII, information to which it is entitled.

20

21

59.    EII is entitled to reasonable costs of litigation and attorney's fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

22

23

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

24

25

A.    Declare that the NPS's failure to make timely determinations on EII's FOIA requests to be unlawful under FOIA;

26

27

B.     Declare NPS's failure to promptly provide EII with records responsive to EII's FOIA requests to be improper and unlawful under FOIA;

28

1      C.      Order NPS in the form of injunctive relief to promptly provide EII with all

2   of the records responsive to its FOIA requests;

3      D.      Award EII its costs and reasonable attorney fees pursuant to 5 U.S.C.

4   § 552(a)(4)(E), or any other applicable law;

5      E.      Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

6      F.      Grant such other and further relief as this Court may deem just and proper.

7

8      Respectfully submitted on this 6th day of September, 2022.

9

10                              /s/ Thomas Buchele
                                Thomas Buchele, CA Bar No.129657
11                              Earthrise Law Center
                                Lewis & Clark Law School
12                              10101 S. Terwilliger Blvd.
                                Portland OR  97219-7799
13                              Tel: 503-768-6736
                                Fax: 503-768-6642
14                              Email: tbuchele@lclark.edu

15
                                Bridgett Buss, *Pro Hac Vice application to be filed*
16                              Willamette Law Group
                                411 Fifth Street
17                              Oregon City, OR 97045
                                Tel: 971-217-9361
18                              Fax: 502-608-4100
                                Email: bridgett@WLGpnw.com
19

20                              *Attorneys for Plaintiff Earth Island Institute*

21

22

23

24

25

26

27

28